**Cheryl N. ELLIOTT, Relator,**

v.

**Larry VESELKA, Chair, Harris County Democratic Executive Committee, Respondent.**

**No. 01–88–00027–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 13, 1988.

Cheryl N. Elliott, Houston, pro se.

Larry Veselka, Houston, pro se.

David Webb, Houston, for respondent.

Before EVANS, C.J., and SMITH and HOYT, JJ.

## ORIGINAL PROCEEDING ON MOTION FOR LEAVE TO FILE PETITION FOR MANDAMUS

PER CURIAM.

The relator, Cheryl N. Elliott, asks this Court to order the Harris County Democratic Executive Committee to refrain from removing relator's name from the ballot for the Democratic party primary election as a candidate for the office of Justice of the Peace, Precinct 7, Position 1.

Respondent has notified relator that her application for a place on the ballot has been rejected because the application did not contain at least 250 petition signers from voters within Precinct 7.

Relator does not contend that her application contains 250 signatures from Precinct 7, but rather that "no special requirements" are contained in the Election Code for a justice of the peace, and that the petitions for justice of the peace are the same as petitions for other judicial offices.

 Tex.Elec.Code Ann. sec. 141.063(1) (Vernon 1986), however, provides that a signature on a petition is valid if the signer "at the time of signing, is a registered voter of the territory from which the office sought is elected...." Respondent's duty under the Code was to insure that relator's petitions contained sufficient signatures from Precinct 7, the territory from which the office sought is elected. Respondent concluded that they did not.

Relator also complains that she was not accorded "prior judicial [sic] before action" was taken by respondent. Relator has not cited any authority to support the proposition that she is entitled to a judicial hearing before her application was rejected by respondent. Respondent, in fact, followed the exact procedure outlined in the Election Code for review of an application for a place on the ballot. *See* Tex.Elec. Code Ann. sec. 141.032; *see also Hall v. Baum,* 452 S.W.2d 699, 701 (Tex.1970) (orig. proceeding) (Chair of State Democratic Executive Committee acted in strict accordance with his statutory duty when he refused to receive and file application).

The motion for leave to file a petition for writ of mandamus is OVERRULED.